TRUMBULL, Appellee,

v.

TRUMBULL, Appellant.

[Cite as *Trumbull v. Trumbull* (1989), 65 Ohio App.3d 634.]

Court of Appeals of Ohio,
Erie County.

No. E–89–16.

Decided Dec. 15, 1989.

*Dennis P. Levin,* for appellant.

ABOOD, Judge.

This is an appeal from the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, which vacated a prior entry of dismissal and entered a final judgment of divorce. Appellant, Michele L. Trumbull, has set forth two assignments of error:

"1. The trial court was without jurisdiction to file a final judgment entry and thus the entry is void or voidable.

"2. The trial court committed reversible error when it entered a judgment that was inconsistent with the separation agreement orally entered into by the parties."

The facts giving rise to this appeal as agreed to by the parties are as follows. This action was initiated on May 20, 1988, when appellee, Merle E. Trumbull, filed his complaint for divorce. Prior to the final hearing the parties entered into an oral settlement agreement as to the issues of custody, support and visitation. The agreement was to be incorporated into the final judgment entry of divorce. On November 22, 1988, as agreed, appellant and her counsel did not appear at the final hearing, and the matter proceeded uncontested. Although appellee advised the court of the settlement agreement, the court refused to accept it as to visitation and indicated its desire to order visitation based on the court's standard schedule. Following the hearing, on the court's instruction, appellee prepared the final judgment entry. Appellant, however, refused to sign it and on December 28, 1988, appellant filed a motion for reconsideration or in the alternative for new trial. Without ruling on appellant's motion, on December 28, 1988, the trial court entered an order finding that the judgment entry had not been forwarded and ordering all prior orders vacated and the case dismissed without prejudice.

On January 12, 1989, appellee filed a motion requesting the court to vacate its dismissal order of December 28, 1988. On January 26, 1989, the trial court filed its judgment entry denying appellant's motion to vacate stating that the judgment of dismissal, filed December 28, 1988, would remain as the order of the court. On February 21, 1989, the trial court *sua sponte* filed another judgment entry in which it found that it had erred in its judgment of January 26, 1989, by denying appellee's motion to vacate the judgment of dismissal of December 28, 1988, granted appellee's motion to vacate, and approved the

judgment entry for divorce which had been prepared by appellee following the hearing held on November 22, 1988. On March 15, 1989, appellant filed a motion to vacate the judgment entered on February 21, 1989, or in the alternative for reconsideration or new trial, which the court denied. On March 22, 1989, appellant filed her notice of appeal.

In her first assignment of error appellant asserts that the trial court was without jurisdiction to enter the final judgment of divorce and, therefore, the entry is void or voidable. Appellant argues that once the court denied appellee's motion to vacate the December 28, 1988 judgment entry of dismissal, it no longer had jurisdiction to take any further action or enter any further orders including the final judgment entry of divorce.

Upon consideration of the facts as outlined above, particularly the chronology of the entries by the trial court, we find that once the trial court denied appellee's motion to vacate the dismissal entry of December 28, 1988, and ordered that such entry would remain as the order of the court, the case no longer existed before the trial court and, therefore, it had no jurisdiction to *sua sponte* reopen the case, vacate the dismissal entry and enter the final judgment of divorce. Accordingly, we find appellant's first assignment of error well taken.

In light of our disposition as to appellant's first assignment of error, appellant's second assignment of error is hereby rendered moot and found not well taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is reversed. This cause is remanded to said court for further proceedings not inconsistent with this opinion. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed
and cause remanded.*

CONNORS and GLASSER, JJ., concur.